# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BMO HARRIS BANK N.A., <br><br>　　　　　Plaintiff, <br><br>　vs. <br><br>L & O TRUCKING, LLC, <br><br>　　　　　Defendant. | 8:19CV28 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Default Judgment, ECF No. 7, filed by Plaintiff BMO Harris Bank N.A (Harris Bank). For the reasons stated below, the Motion will be denied.

## BACKGROUND

The following facts are those alleged in the Complaint, ECF No. 1, and unchallenged by Defendant L&O Trucking, LLC.

Under a Loan and Security Agreement dated October 15, 2015, Transportation Truck and Trailer Solutions, LLC, agreed to loan L&O Trucking $133,963.20, and L&O Trucking promised to make 54 installment payments on the first of each month in the amount of $2,480.80 beginning on December 1, 2015. ECF No. 1-2, Page ID 8. L&O Trucking also granted Truck and Trailer Solutions a security interest in a 2013 Peterbilt truck. *Id.* On April 1, 2016, L&O failed to meet its payment obligation.

In a "Transfer Acknowledgment" dated September 20, 2018, Transportation Truck and Trailer Solutions stated it "acknowledges and confirms that effective as of 12:00 a.m. on December 15, 2015, [it] sells, conveys, assigns, transfers and delivers to [ ] Harris

Bank [ ]," all rights, title, and interest under the Loan and Security Agreement. ECF No. 1-1, Page ID 6.

On January 22, 2019, Harris Bank filed the Complaint which asserted a breach-of-contract claim against L&O Trucking and sought damages in the amount of $75,927.13. L&O failed to answer or otherwise defend, and the Clerk of Court entered default in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 6. On March 30, 2019, Harris Bank filed its Motion for Default Judgment under Rule 55(b)(2).

## STANDARD OF REVIEW

"The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (quoting FTC v. Packers Brand Meats, Inc., 562 F.2d 9, 10 (8th Cir. 1977)) (per curiam). It is "appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997)). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2688 (3d ed 1998)).

## DISCUSSION

Harris Bank contends the unchallenged facts constitute a legitimate cause of action for breach of contract and that jurisdiction over the claim is appropriate under 28

U.S.C. § 1332(a) (diversity). According to the Return of Service, ECF No. 4, a process server personally served a summons and copy of the Complaint on a "partner" of L&O Trucking at the business's registered address in Clarkson, Nebraska, and venue[1] is proper in this district under 28 U.S.C. § 1391(b)(1).

Under Texas law,[2] all contracts, including the right to collect a debt, are freely assignable. *In Re FH Partners, L.L.C.*, 335 S.W.3d 752, 761 (Tex. App. 2011) (citations omitted). A plaintiff must establish the following elements to succeed on a breach-of-contract claim: "(1) a valid contract existed between the plaintiff and the defendant; (2) the plaintiff tendered performance or was excused from doing so; (3) the defendant breached the terms of the contract; and (4) the plaintiff sustained damages as a result of the defendant's breach." *Universal Plant Servs., Inc. v. Dresser-Rand Grp., Inc.*, No. 1-17-555-LV, __S.W.3d__, 2018 WL 6695813, at *9 (Tex. App. 2018) (quoting *West v. Triple B Servs., LLP*, 264 S.W.3d 440, 446 (Tex. App. 2008)).

Where the action is by a secured creditor for recovery of a deficiency following the repossession and sale of collateral, however, the plaintiff must also establish it disposed of the collateral in a commercially reasonable manner. *Jantzen v. Am. Nat'l Bank of Tx.*, 300 S.W.3d 412, 415 (Tex. App. 2009) ("A commercially reasonable disposition of collateral is in the nature of a condition to a creditor's recovery in a deficiency suit."); *see generally* Tex. Bus. & Com. Code Ann. § 9.602(7) (providing that debtors and obligors

---

[1] *See* Loan and Security Agreement § 7.6, ECF No. 1-2, Page ID 11 (reserving the right for the Lender to "commence legal proceedings or otherwise proceed against Debtor in any [ ] jurisdiction[,]" other than Texas).

[2] The Loan and Security Agreement is governed by Texas law. ECF No. 1-2, Page ID 37.

may not waive the rule that collateral be sold in a commercially reasonable manner). Thus, "[a] creditor in a deficiency suit must plead that disposition of the collateral was commercially reasonable." *Id.*

Based on Harris Bank's Motion, it is clear this action is for recovery of a deficiency following the sale of the collateral. *See* Mot. Default J., Ex. C, ECF No. 7-2, Page ID 40 (accounting for repossession fees and proceeds of the sale in calculating damages). Yet Harris Bank did not allege or otherwise demonstrate in its Motion that the sale was commercially reasonable.[3] Thus, the unchallenged facts in the Complaint do not constitute a legitimate cause of action for a deficiency under Texas law. *See Strong v. HSBC Mortg. Servs., Inc.*, 8:15CV466, 2016 WL 9225263, at *3 (D. Neb. Oct. 24, 2016) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) ("The standard for determining 'what constitutes a sufficient basis for the judgment' is 'akin to that necessary to survive a motion to dismiss for failure to state a claim.'"); *accord Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015); *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010).

Further, Harris Bank requests damages in the amount of $75,927.13. In reaching that amount, however, Harris Bank included $1,500 for attorney fees and costs,

---

[3] Harris Bank's Complaint also seeks $75,927.13 in damages based, in large part, on its acceleration of the time to pay the debt obligation. Acceleration is disfavored in Texas, and "[t]he holder of a note must ordinarily give notice to the maker of [(1)] the holder's intent to accelerate the time for payment as well as [(2)] notice of acceleration." *Schuhardt Consulting Profit Sharing Plan v. Double Knobs Mountain Ranch, Inc.*, 468 S.W.3d 557, 569 (Tex. App. 2014) (citing *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893 (Tex. 1991)). L&O Trucking did not clearly and unequivocally waive both notice requirements in the Agreement, and Harris Bank failed to allege or otherwise address its compliance with these strict notice requirements. Nevertheless, lack of adequate notice of acceleration or of intent to accelerate is an affirmative defense that, "as a general rule, . . . is waived if it is not pleaded [by the defendant]." *Cadillac Bar W. End Real Estate v. Landry's Restaurants, Inc.*, 399 S.W.3d 703, 707 (Tex. App. 2013) (citing *Espinoza v. Victoria Bank Tr. Co.*, 572 S.W.3d 816, 827 (Tex. App. 1978)).

collectively, without stating an amount for attorney fees and a separate amount for costs. Mot. Default J., Ex. C, ECF No. 7-2, Page ID 40. This creates a problem because "statutory attorney fees count toward the jurisdictional minimum calculation[,]" but costs do not. *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005); 28 U.S.C. § 1332(a) (providing federal jurisdiction only where the amount in controversy "exceeds the sum or value of $75,000, *exclusive of interest and costs*") (emphasis added). Because it is unclear whether Harris Bank improperly relied on an amount in costs to satisfy the amount-in-controversy requirement, the Court cannot determine whether it has subject-matter jurisdiction over the claim. Moreover, it is Harris Bank's burden to establish a statutory entitlement to attorney fees and it failed to do so. *Rasmussen*, 410 F.3d at 1031. Harris Bank also included $14,237.67 in unpaid interest and fees and $2,650.72 in other post-acceleration fees without addressing whether those amounts were appropriately included in its amount-in-controversy calculation. *See* 28 U.S.C. § 1332(a) (excluding interest); *Great Rivers Habitat All. v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010) ("The burden of proving federal jurisdiction [ ] is on the party seeking to establish it[.]").

Because the unchallenged facts in the Complaint fail to state a legitimate cause of action for a deficiency under Texas law, and because Harris Bank failed to establish subject-matter jurisdiction over the claim, the Motion for Default Judgment will be denied. Harris Bank may amend its Complaint on or before April 24, 2019. Accordingly,

IT IS ORDERED:

1. The Motion for Default Judgment, ECF No. 7, filed by Plaintiff BMO Harris Bank N.A., is denied; and

5

2. Plaintiff BMO Harris Bank N.A. may amend its Complaint on or before April 24, 2019.

Dated this 10th day of April, 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge